# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MERRILL ST. ROMAIN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-8385** |
| **E.N. BISSO & SON, INC.** | **SECTION "D"(5)** |

## ORDER

Before the Court is Plaintiff Merrill St. Romain ("St. Romain")'s Motion for Jury Trial (R. Doc. 133), Defendant E.N. Bisso & Son, Inc. ("E.N. Bisso")'s Response (R. Doc. 136), and Plaintiff St. Romain's Reply (R. Doc. 139). After careful consideration of the parties' memoranda and the applicable law, the Court grants St. Romain's Motion (R. Doc. 133).

### Background

This is a Jones Act case, filed with jury demand.[1] St. Romain moved to set an expedited trial on the issue of maintenance and cure.[2] The Court granted the motion, set the expedited trial, and then cancelled the trial.[3] The Court conducted a status conference on December 19, 2019, during which it ordered that bench trial will commence without a jury on June 3, 2019.[4] Then, the Court provided two dates resetting the bench trial: June 7, 2019, or August 1, 2019.[5] The parties

---

[1] R. Doc. 1.
[2] R. Doc. 7.
[3] R. Docs. 15, 39.
[4] R. Doc. 42, p. 3.
[5] R. Doc. 105.

were to inform the Court by May 24, 2019, whether the trial would proceed on June 7.[6] On May 24, the trial was continued and reset for August 1, 2019.

On June 3, 2019, the case was transferred from Section "A" to Section "D" of this Court. Four days later, St. Romain filed a Motion for Jury Trial.[7]

## Analysis

Pursuant to Federal Rule of Civil Procedure 39(b), St. Romain asks this Court to convert the case to a jury trial.[8] Rule 39 grants the Court discretion to relieve a party from waiver of a jury trial under Rule 38.[9] When a party invokes Rule 39, the Court should grant a jury trial in the absence of strong and compelling reasons to the contrary.[10] A motion for trial by jury under Rule 39 should be favorably received unless there are persuasive reasons to deny it.[11] The Court considers five factors in the exercise of discretion under Rule 39(b):

> (1) whether the case involves issues which are best tried to a jury;
> (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party;
> (3) the degree of prejudice to the adverse party;
> (4) the length of the delay in having requested a jury trial; and
> (5) the reason for the movant's tardiness in requesting a jury trial.

*Daniel*, 916 F.2d at 1064 (internal citations omitted). St. Romain discusses the five factors provided in *Daniel*, contending that each factor supports granting his motion for a jury trial in this

---

[6] R. Doc. 105.
[7] R. Doc. 133.
[8] R. Doc. 133-1.
[9] *Daniel Int'l. Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990); FED. R. CIV. P. 39(b)("Issues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded.").
[10] *Id.*, citing *United States v. Unum*, 658 F.2d 200, 303 (5th Cir. 1981).
[11] *Id.*

action.[12] E.N. Bisso opposes the motion and argues that the first, third, and fifth factors of the test in *Daniel* strongly weigh against allowing St. Romain's request.[13]

The Court has carefully reviewed the record and has evaluated St. Romain's motion, considering the five factors relevant to Rule 39(b) motions. The Court finds that the factors weigh in favor of granting a jury trial. Therefore, the Court exercises its discretion to grant St. Romain's motion.

Accordingly,

IT IS ORDERED that Plaintiff Merrill St. Romain's Motion for Jury Trial (Doc. 133) is GRANTED.

New Orleans, Louisiana this 16th day of July, 2019.

*Wendy B Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[12] R. Doc. 133-1.
[13] R. Doc. 136.